**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RUTH ANN WISE,**

       **Petitioner,**

**v.**                                                     **Civil Action No. 2:10cv10**
                                                          **Criminal Action No. 2:05cr6**
**UNITED STATES OF AMERICA,**      **(Judge Maxwell)**

       **Respondent.**

**REPORT AND RECOMMENDATION**

**I.  PROCEDURAL HISTORY**

On January 25, 2010, the *pro se* petitioner, Ruth Ann Wise, ["Petitioner"], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 161). This matter is pending before the undersigned for initial review and report and recommendation pursuant to LR PL P 83.09.

Upon a preliminary review of the petitioner's § 2255 motion, it appeared that the motion was untimely. Thus, pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002), on January 27, 2010, the undersigned issued a notice advising the petitioner that her case would be recommended for dismissal unless she could show that her motion was timely. (Dkt.# 165).

On February 19, 2010, petitioner filed a response to the Court's <u>Hill v. Braxton</u> Notice, in which she reiterated the claims made in her untimely § 2255 petition. She asserted that the earliest date that the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence was May 1, 2009, the date on which Assistant Attorney General Lanny A. Breuer gave the United States Attorneys' Office "new guidance concerning sentencing crack cocaine offenses." Petitioner contends this "new guidance" gives federal courts the authority to sentence outside the guidelines in crack cases, or even "create

their own quantity ratio" when sentencing. She acknowledges having previously received "some limited relief" under 18 U.S.C. § 3582(c)(2), but states that counsel representing her at that time "did not inform" her of any other alternative sentencing amelioration. She avers that she diligently pursued relief on the basis of this newly-discovered 'directive,' as soon as she discovered it. She noted that she tried to obtain collateral relief in 2007, but was unsuccessful because of a defective pleading. Finally, she claims that this Court could exercise jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a) if her 28 U.S.C. § 2255 claims were otherwise barred.

## II. FACTS

### A. Conviction and Sentence

On June 27, 2005, petitioner signed a plea agreement by which she agreed to plead guilty to Count 6, distribution of crack cocaine, in violation of Title 21 United States Code Section §841(a)(1). In the plea agreement, the parties stipulated and agreed that the total relevant conduct of petitioner was 109.65 grams of cocaine base. The petitioner further stipulated she was neither a minor nor a minimal participant in the offenses alleged in the indictment. Additionally, the petitioner waived her right to appeal and to collaterally attack her sentence. Specifically, her plea agreement contained the following language regarding her waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Defendant is also aware that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified under Title - 21, United States Code, Sections 841(a)(1) and (b)(1)(C) of which the defendant has been convicted. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement,

> Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code Section 3742, except as hereinafter provided. The United States would also waive its right to appeal the such sentence [sic] except as hereinafter provided.
>
> 11. The above waiver notwithstanding, Defendant will retain her appellate rights with respect to any sentence that includes a term of imprisonment in excess of **188 months**, and the United States will retain the right to appeal any sentence that includes a term of incarceration of less than **108 months**. This reservation of rights is designed to ensure that the United States retains the benefits of the plea agreement and is not intended to represent Defendant's estimation of what an appropriate or reasonable sentence would or should be.
>
> 12. Defendant also, without exception, knowingly and voluntarily waives her right to challenge the sentence imposed or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

(Dkt.# 52, Plea Agreement at 4).

On June 28, 2005, the petitioner entered her plea in open court. Petitioner was 33 years old and had obtained her GED. (Plea hearing transcript, Dkt#. 129 at 6). Petitioner stated she understood and agreed with all the terms and conditions of the plea agreement. (Id. at 21). The Court specifically asked petitioner if she understood the waiver of her appellate and post-conviction relief rights and she said that she did. (Id. at 20 - 21). The Court asked petitioner's counsel if he believed petitioner understood the waiver of her appellate and post-conviction relief rights and counsel said "Yes, sir." (Id. at 21). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 29-32). During the plea hearing, the Government presented the testimony of Tom Markley, a Special Agent with the Federal Bureau of Investigation assigned to the Potomac Highlands Drug and Violent Crimes Task Force, to

3

establish a factual basis for the plea. (Id. at 33-38). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that she was guilty of Count 6 of the indictment. (Id. at 38). The petitioner further stated under oath that no one had attempted to force her to plead guilty, and that she was pleading guilty of her own free will. (Id.). In addition, she testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 38 - 39). The petitioner testified that her attorney had adequately represented her, and that her attorney had left nothing undone. (Id. at 39 - 40).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id.). The petitioner did not object to the Court's finding.

On October 19, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances surrounding defendant and the crime, as well as the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 121 months imprisonment. (Dkt.# 128 at 10).

### B. Appeal

Petitioner did not pursue a direct appeal.

### C. Motion for Reduced Sentence

The petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. §3582(c) on March 13, 2008. (Dkt.# 139). By Order (Dkt.# 147) entered July 31, 2008, a federal public defender was appointed to

represent petitioner. Through counsel, petitioner filed a Motion for Reduced Sentence Pursuant to 18 U.S.C §3582(c). (Dkt.# 155). On August 21, 2009, an Order Reducing Term of Imprisonment As a Result of Amended Guideline Range pursuant to USSG 1B1.10 was entered by District Judge Robert E. Maxwell, reducing petitioner's sentence from one hundred twenty-one months to one hundred months. (Dkt.# 157).

### D. Federal Habeas Corpus

Petitioner filed her first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255, along with a Memorandum in Support on October 29, 2006 (Dkt.# 122) asserting two grounds: ineffective assistance of counsel at the plea and sentencing phases of proceedings; and an attack on the reasonableness of her sentence, claiming that under United States v. Booker, 543 U.S. 220, 244, the sentencing judge had discretion to sentence her to a lower sentence since the U.S. Sentencing Guidelines were only advisory. In addition, petitioner requested that her sentence be set aside, that she be granted a reduction in sentence based on the grounds presented and that an attorney be appointed to represent her in her in "future proceedings regarding this matter." Petition did not file a memorandum in support of her § 2255 motion to vacate.

On November 2, 2007 the Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt.# 130) recommending that petitioner's §2255 motion be denied and dismissed from the docket since petitioner had knowingly, intelligently and voluntarily waived the right to collaterally attack her conviction. Petitioner did not file any objections to the R&R. By Order (Dkt.# 131) entered on December 28, 2007, the Court accepted the Magistrate Judge's R&R, and consistent with its recommendation, denied petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody because petitioner had

knowingly, intelligently and voluntarily waived her right to collaterally attack her conviction, and dismissed the habeas corpus action.

On January 4, 2008, petitioner sent a letter to the District Judge attempting to correct an error in his final order,[1] requesting various papers regarding her final sentencing, and requesting that an attorney be appointed to assist her.

On January 25, 2010, petitioner filed this second Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 (Dkt.# 161), asking that her judgment be vacated in light of Spears v. United States, 129 S.Ct. 840, 172 L.Ed. 2d. 596, 2009 U.S. LEXIS 864, 21 Fla. L. Weekly Fed. S. 596 (2009) and asserting the following three grounds for relief:

1. District Courts are given the congressional mandate to sentence crack cocaine offenders to any ratio, as proposed by Assistant Attorney General Lanny A. Breuer at a hearing before the Subcommittee on Crime and Drugs on April 29, 2009;

2. A new rule of law can be applied retroactively because it meets requirements of Supreme Court precedent in Teague v. Lane;[2]

3. Petitioner was sentenced on October 19, 2005, before the newly-adopted January 21, 2009 provision as stated in Spears v. United States.

### III. ANALYSIS

#### A. Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence

---

[1] Petitioner pointed out that page 2 of the Order included a statement that she had pled to Count 6, "felon in possession of a firearm," when she had actually pled to Count 6, "distribution of crack cocaine."

[2] Teague v. Lane, 489 U.S. 288 (1989).

6

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

### B. Claims Not Cognizable in a § 2255 Motion[3]

---

[3] Despite the fact that this is petitioner's numerically second § 2255 petition, it is not successive, and therefore cannot be summarily dismissed for failure to obtain appropriate certification from the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. §§ 2244 and 2255.

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"While AEDPA [Anti-Terrorism and Effective Death Penalty Act of 1996] imposes gatekeeping restrictions on "second or successive" motions, it does not define what constitutes a "second or successive" motion. Courts have uniformly rejected a literal reading of the phrase. For a petition to be second or successive, "it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." [A]n initial petition will "count" where it has been adjudicated on the merits or dismissed with prejudice." Rivas v. U.S., 2009 U.S. Dist. LEXIS 122011, 9 - 10 (W.D. NC, 2009), quoting Thai v U.S., 391 F.3d 491, 494 (2nd Cir. 2004). In order for a § 2255 petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370, 379 (4th Cir. 2002). "Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. U.S., 373 U.S. 1, 15, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). "It is settled law that not every numerically second petition is a "second or successive" petition within the meaning of the AEDPA. For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive." In Re: Williams, 444 F.3d 233, 236 (4th Cir. 2006) quoting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000).

Here, petitioner's first § 2255 motion raised a different ground than was raised in her second petition. Because petitioner's first § 2255 motion was summarily dismissed because she was found to have waived the right to collateral attack, the grounds raised in her first petition were never 'determined adversely" to her because they were never even considered. A valid appeal waiver cannot result in a dismissal of an appeal on its merits because the very purpose of an appeal waiver is a dismissal of the appeal without ever addressing its merits. U.S. v. Blick, 408 F.3d 162, 167 - 68, 2005 U.S. App. LEXIS 9742 (4th Cir. 2005). There is no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "Dismissals for want of jurisdiction are paradigms of non-merits adjudication. In such a dismissal, the trial court does not regard the merits of an action. It merely classifies an action, whatever its merits, as one on which the court concerned cannot speak." Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir. 1989).

Petitioner's challenge to the reasonableness of her sentence may not be raised in a § 2255 motion. A claim not attacking the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). Because an alleged misapplication of statutory sentencing requirements - 18 U.S.C. § 3553 - does not constitute a miscarriage of justice, United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999), petitioner's claim is barred. See Stewart v. United States, 2006 U.S. Dist. LEXIS 54553 at *13-14 (E.D. Va. July 21, 2006).

Petitioner's claim that she is entitled to a further reduction in her sentence, already at the lowest end of the guideline range[4] before she received a 21-month sentence reduction under 18 U.S.C. § 3582 (c), because the Court did not vary from the guideline sufficiently to suit her, fails to invoke a cognizable § 2255 claim and is therefore barred.

### C. Statute of limitations for filing a 28 USC §2255 Motion

In 1996, the Anti-Terrorism and Effective Death Penalty Act of f1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[5]

---

Petitioner's first § 2255 motion was denied on December 28, 2007 by Order Adopting Report and Recommendation ["R&R"] That Case be Dismissed and Stricken From Docket (Dkt.# 131). The R&R that the Order adopted (Dkt.# 130) recommended that the petition be "denied and dismissed from the docket[.]" Fed R Civ Pro 41(b) states, in pertinent part: " . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - -**except one for lack of jurisdiction**, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits."

Because the order dismissing petitioner's first §2255 petition specified that it was being dismissed because petitioner had waived the right to collaterally attack her conviction, i.e., lack of jurisdiction, and was silent as to its prejudicial effect, her first §2255 motion was not dismissed "on its merits." Petitioner has raised new grounds in this instant petition that have not been previously 'determined adversely" to her, thus her first petition cannot "count" for purposes of construing this instant one as "second or successive."

[4] (Dkt.# 112 at 1).

[5] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998).

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[6] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). In this case, petitioner did not file a direct appeal of her conviction. For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed R. Ap. P. 4(b)(1)(A)(I), (6). Therefore, petitioner's conviction became final on December 31, 2005, the date her time to file a direct appeal expired. Accordingly, she had until December 31, 2006 to file her habeas corpus petition under AEDPA. Because she did not file this present §2255 motion until January 25, 2010, it is grossly untimely.

---

[6] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478 (2005).

9

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that she was prevented from timely filing her § 2255 petition because of circumstances beyond her control, or external to her own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that she employed reasonable diligence in investigating and bringing her claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In summary, here, despite adequate notice from the Court, the petitioner has failed to show that she is entitled to equitable tolling or that her petition is otherwise timely. A careful review of her claims reveals that none of them have any merit. Petitioner has not produced any newly-discovered evidence only discoverable through the exercise of due diligence, nor do her claims implicate a new rule of constitutional law made retroactive to cases on collateral review. Further, a review of the record reveals that petitioner validly waived her habeas corpus rights, incident to her plea agreement (Dkt.# 52 at 4) and a valid Rule 11 colloquy.[7]

---

[7] At her plea hearing, the Court conducted a thorough Rule 11 colloquy; the petitioner specifically testified in open court that she waived her right to appeal and to collaterally attack her conviction by habeas corpus. (Dkt.# 129 at 20 - 21). Petitioner specifically waived her right to collaterally attack the sentence. (Dkt.# 52, Plea agreement at 4; Dkt.# 129, Plea Hearing Transcript at 20-21).

# IV.  RECOMMENDATION

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING this case from the docket with prejudice**.

Any party may file, within **fourteen (14)** days after being served with a copy of the Recommendation with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objection should also be submitted to the United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of the Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of the Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.  The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATE: April 5, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE